

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 1, 1969

Dr. J. E. Peavy
Commissioner of Health
Texas State Department of Health
Austin, Texas

Opinion No. M-426

Re: Whether the State Depart-
ment of Health is authorized
to contract for inspection
services and related as-
sistance with political
subdivisions, individuals,
or other entities in carry-
ing out state responsibili-
ties pursuant to S.B. 28,
Acts 61st Legislature,
Regular Session, 1969.

Dear Dr. Peavy:

In your request for an opinion you stated the following:

"A question has arisen as to the scope of
authority and responsibility of the Texas State
Department of Health in implementing the above
captioned act. Section 1(u) of Title I and
Section 408 of Title IV of the above captioned
act are quoted as follows:

"'Title I, Section 1(u) The term "inspector"
means an employee of the State Department of
Health who shall be under the supervision of
the chief officer in charge of inspection. The
chief officer in charge of inspection shall be
a veterinarian designated by the commissioner
as responsible for animal health as animal
health is related to public health, and shall
be directly responsible to the commissioner. He
shall be licensed to practice veterinary medicine
in this state or eligible to be licensed to
practice in this state, and if the latter should
be the case, he must secure a Texas license
within two years from the time of his employment
in this position.'

"'Title IV, Sec. 408   The commissioner shall designate at least one state inspector for each state representative district.'

"While the above quoted Section 408 requires the Commissioner to designate at least one state inspector for each state representative district, it is apparent that in densely populated areas additional personnel will be required to properly administer the provisions of the Meat Inspection Act.   Many city and/or county health departments have existing facilities and staff available to carry out meat inspection services and related activities.

"Therefore, the following question is respectfully submitted for your interpretation: For the purposes of this act, is the Texas State Department of Health authorized to contract for inspection services and related assistance with political subdivisions, city health departments, county health departments or any combination thereof, or any individual, firm, partnership or corporation in carrying out its responsibilities under this act?"

The Texas Meat and Poultry Inspection Act, S.B. 28, 61st Legislature, Regular Session, 1969 (repealing Art. 4476-3, V.C.S.) defines an Inspector as an employee of the State Department of Health who shall be under the supervision of the chief officer in charge of inspection and provides that the Commissioner shall designate at least one state inspector for each state representative district.   Sections 6 and 13 of Title I of the Act provide for the inspection of meat, etc., prepared solely for intrastate commerce by "inspectors appointed for that purpose".   Since an "inspector" must be an "employee of the State Department of Health", the Act does not authorize the Department to contract for inspection services and related assistance with political subdivisions, city health departments, county health departments or any combination thereof.   Likewise, it does not authorize said Department to contract with any individual, firm, partnership or corporation as an independent contractor in carrying out the responsibilities of the Act.

S U M M A R Y

S.B. 28, Acts 61st Leg., R.S., 1969, Ch. 123, p. 337, does not authorize the Texas State Department of Health to contract for inspection services and related assistance with political subdivisions, city health departments, county health departments, or any combination thereof, or with any individual, firm, partnership or corporation, as an independent contractor, in carrying out its responsibilities under the Act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Louis Neumann
Edward H. Esquivel
Rex H. White
Malcom Smith

HAWTHORNE PHILLIPS
Executive Assistant